FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 20 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TORREY SMITH, INMATE NO. 2581, Plaintiff, | CIVIL RIGHT COMPLAINT 42 U.S.C. § 1983 |
| v. | CIVIL ACTION NO. 1:06-CV-2908-WSD |
| MICHAEL CROFT and CLARENCE SANDERS, Defendants. | |

## ORDER AND OPINION

Plaintiff, who is currently confined at the Irwin County Detention Center in Ocilla, Georgia, has submitted the instant 42 U.S.C. § 1983 civil rights complaint. The Irwin County Detention Center is located in the United States District Court for the Middle District of Georgia, Valdosta Division. Plaintiff alleges that he was subjected to cruel and unusual punishment when detention center officials took the following action: "Because they thought I was out of my bunk[,] they took me down in a dark room and tased [sic], me in my back an[d] side." (Doc. 1 at ¶ IV).

Plaintiff has named Michael Croft, the "Director/Warden" of the Irwin County Detention Center and Clarence Sanders, the Montgomery County Sheriff,

as Defendants in this action. (Id. at ¶ III). Montgomery County is located in the Dublin Division of the Southern District of Georgia.

Title 28 U.S.C. § 1391(b) states that a civil action should be brought in a "district where any defendant resides" or in a "district where a substantial part of the events or omissions giving rise to the claim occurred." Plaintiff alleges events giving rise to his claim occurred in the Middle District of Georgia, and, Defendant Sanders likely resides in the Southern District of Georgia. Thus, venue may lie in the Southern District and the Middle District of Georgia. The United States District Court for the Northern District of Georgia does not have venue over this action.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." In reviewing this action, this Court notes that Plaintiff has not alleged that either Defendant used a taser stun gun on him, or that any act of these Defendants is causally connected to the use of the taser. Accordingly, this Court finds that the interest of justice will not be furthered by transferring this action. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th

2

Cir.2003) (explaining that vicarious liability is not available in a 42 U.S.C. § 1983 civil rights action).

**IT IS ORDERED** that the instant pro se civil action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1406(a). For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 19th day of December, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/8 2)